## W. S. YANCY v. J. E. FELKER ET AL.

(No. 2275.)

APPEAL from Waller County. Opinion by WILLSON, J.

HARVEY & BROWNE, for appellant.

T. S. REESE, for appellee Felker.

§ 249. *Exempt property; right of party to designate; damages for seizure and sale of; measure of such damage; case stated.* Appellant sued appellees Felker and Manning to recover damages for the seizure and conversion by them of two horses, his property. As shown by the petition and evidence, Felker had a judgment against appellant upon which he caused an execution to be issued and placed in the hands of Manning, a constable, who levied the same upon four horses, the property of appellant, and said horses were sold to satisfy said execution. Appellant was the head of a family; said four horses were all the horses he owned. Judgment was rendered that appellant take nothing by his suit, etc. Appellant was not present in the county of his residence where the horses were levied upon and sold, at the time the same

were so levied upon and sold, and he had no knowledge of said levy and sale until after the same had transpired. He was not afforded an opportunity of pointing out property to be levied upon, nor of designating the horses which he claimed to be exempt. His family were in the county at his residence, but were not called upon to point out property to be levied upon, nor to designate exempt property. In his petition appellant does not designate which two of the four horses levied upon and sold he claims as exempt property, but alleges that said four horses were of equal value, and claims two of them as exempt. Upon the trial of the cause, he offered to designate which two of the four horses he claimed as exempt. He was refused permission to make such designation. It was proved that the four horses were of different values. *Held:* Appellant had the legal right to make such designation on the trial. There is no rule of law which, under the facts of this case, would deprive him of the right of designation at the time he offered to exercise it. [W. & W. Con. Rep. § 951.] As to the proper measure of damage in this case, the true test is, what amount would compensate appellant for the actual, direct, natural and proximate loss sustained by him by reason of the seizure and conversion of the two exempt horses. The market value of the horses at the time of the seizure, and the reasonable value of their use during the time he has been deprived of them, would seem to be fair and full compensation.

February 26, 1887.          Reversed and remanded.